UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>JUAN JOSE VEGA-FLORES,<br><br>                Defendant. | Case No. CR20-36-RSL-MLP<br><br>ORDER |

### I.   INTRODUCTION

This matter is before the Court on Defendant Juan Jose Vega-Flores' motion to modify his bond conditions. (Mot. (Dkt. # 42).) The government submitted an opposition (Resp. (dkt. # 43)) and Mr. Vega-Flores submitted a reply (Reply (dkt. # 44)). Having considered the parties' submissions, the balance of the record, and the governing law, the Court denies Mr. Vega-Flores' motion.

### II.   BACKGROUND

Mr. Vega-Flores is charged by indictment with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846, Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18

ORDER - 1

U.S.C. § 2, Distribution of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2, and Possession of Heroin, Cocaine, and Fentanyl with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 18 U.S.C. § 2. (Dkt. # 24.) Mr. Vega-Flores was arrested on February 28, 2020. (Dkt. # 15.) He appeared for his detention hearing on March 4, 2020. (Dkt. # 19.) The government moved for detention, Mr. Vega-Flores requested release, and Pretrial Services recommended release on personal recognizance with special conditions. (Dkt. ## 16, 17, 18.) After hearing argument, the Court released Mr. Vega-Flores on bond with conditions and scheduled a detention status hearing for April 21, 2020. (Dkt. # 19.) In relevant part to the instant motion, the Court ordered the following bond condition:

> The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology. The defendant shall comply with a curfew as directed by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs and services, to the extent financially able, as determined by the location monitoring specialist. **The location monitoring specialist will coordinate the defendant's release with the U.S. Marshals.**

(Dkt. # 20 (emphasis in the original).) Mr. Vega-Flores was subsequently released into the custody of his family.

The Court struck Mr. Vega-Flores' April 21, 2020 detention status hearing pursuant to the Honorable Ricardo S. Martinez's General Order 7-20 extending modified court operations under the exigent circumstances created by COVID-19 and the related coronavirus, with the advisement that the Court would reevaluate his location monitoring conditions once normal court operations resume. (Dkt. # 41.) On May 13, 2020, Chief Judge Martinez issued General Order 8-20 that continued modified court operations. On March 15, 2020, Mr. Vega-Flores' filed the instant motion requesting his bond condition for location monitoring be removed. (*See generally* Mot.)

ORDER - 2

### III. DISCUSSION

18 U.S.C. § 3142 empowers a court to release a defendant "subject to the least restrictive further condition, or combination of conditions, that … will reasonably assure the appearance of the person as required and the safety of … the community." 18 U.S.C. § 3142(c)(1)(B). In deciding whether and what conditions to impose, a court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). To prevent a defendant's release, the government must prove that a defendant is a danger to the community by clear and convincing evidence, or it must prove that a defendant is a flight risk by a clear preponderance of the evidence. *United States v. Motamedi,* 767 F.2d 1403, 1406 (9th Cir. 1985). "Doubts regarding the propriety of release are to be resolved in favor of defendants." *United States v. Townsend,* 897 F.2d 989, 994 (9th Cir. 1990).

As noted above, the Court previously conducted a detention hearing. The Court considered the factors outlined in 18 U.S.C. § 3142 and determined release was warranted with conditions, including location monitoring. Mr. Vega-Flores argues the requirement for location monitoring should be removed because he has complied with his bond conditions since his release. (Mot. at 3.) He also argues his appearance in court as required and the safety of the community can be reasonably assured without location monitoring, citing that fact that he is a United States Citizen, was born in this district and has lived here his entire life, and that he promptly surrendered his passport and concealed pistol license. (*Id*. at 2-3; Reply at 4.) Mr. Vega-Flores further argues he has no criminal convictions and no history of violence. (Reply at

ORDER - 3

4.) Mr. Vega-Flores also notes that wearing a location monitoring apparatus has an infringing presence generally. (Reply at 2.)

The government opposes removal of location monitoring, arguing Mr. Vega-Flores continues to pose a danger to the community and is a flight risk. (Resp. at 5.) In support of its opposition, the government cites to the seriousness of the alleged underlying facts of this matter, including the sale of controlled substances to confidential sources, evasion of investigators, and that investigators found contraband during the execution of a search warrant of Mr. Vega-Flores' residence. (*Id.* at 1-5.)

Here, the Court finds location monitoring is still a necessary condition of release. The arguments raised by both Mr. Vega-Flores and the government were known to the Court at the time the bond was issued. Although Mr. Vega-Flores' has subsequently complied with bond conditions, this fact alone is insufficient to alter the Court's prior analysis, especially given the current pandemic and restrictions to Pretrial Services' ability to monitor defendants to properly assess any ongoing risks. The Court has been advised by Pretrial Services that location monitoring is currently one of its only tools to monitor bond conditions and that although there is no indication Mr. Vega-Flores has been noncompliant with supervision, Pretrial Services has only been able to communicate with his sister through telephonic communication and has not been able to do an in-person assessment of his housing situation. While the limitations of Pretrial Services' supervision due to the pandemic are not specific to Mr. Vega-Flores, it is a factor for the Court to consider.[1]

---

[1] Mr. Vega-Flores notes that his co-defendant, Mr. Gutierrez-Ponce, had the location monitoring condition removed from his bond on April 6, 2020. (Reply at 2-3 (citing Dkt. # 40).) Mr. Gutierrez-Ponce's motion to remove location monitoring from his bond was unopposed by both the government and Pretrial Services (dkt. # 39), unlike the posture in this action.

Given the findings previously made at Mr. Vega-Flores' detention hearing, and the current limitations on Pretrial Services' ability to fully monitor bond compliance, the Court declines to modify the bond conditions. Accordingly, the Court orders that all bond conditions remain in place. The Court will reevaluate Mr. Vega-Flores' monitoring conditions once normal court operations are reinstated.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS that Defendant Vega-Flores' motion (dkt. # 42) is DENIED. The Clerk is directed to send copies of this order to the parties and to the Honorable Robert S. Lasnik.

Dated this 8th day of June, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5